IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANDA ADAMKAVICIUS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 23-cv-3571-ABJ |

## PLAINTIFFS' STATUS REPORT

Plaintiffs submit this Status Report in response to the Court's April 19, 2024 Minute Order requesting an update on Plaintiffs' efforts to effect service and Plaintiffs' proposal for the next steps.

1. On November 30, 2023, Plaintiffs filed their Complaint. Dkt. 1. The Clerk of Court issued a Summons to the Defendant, the Islamic Republic of Iran ("Iran"), on December 5, 2023. Dkt. 11.

2. On January 8, 2024, Plaintiffs wrote to the Clerk of Court requesting to serve Iran under 28 U.S.C. § 1608(a)(3), enclosing all relevant materials both in their English original and translated into Farsi, the official language of Iran. Dkts. 12, 12-1, 13. The Clerk of Court approved this package and dispatched it for mailing on January 12, 2024. Dkt. 15.

3. Plaintiffs then waited the statutorily required 30 days. *See* 28 U.S.C. § 1608(a)(4). Because service by mail was not accomplished within those 30 days, Plaintiffs requested that the Clerk of Court dispatch all relevant material to the U.S. Department of State for service under 28 U.S.C. § 1608(a)(4) on February 12, 2024. Dkts. 18, 18-1. The Clerk of

Court again approved Plaintiffs' package and dispatched it via FedEx to the Department of State the next day.  Dkts. 23, 24.

4.      The Department of State has confirmed that it received and reviewed Plaintiffs' service packet and transmitted it to the U.S. Embassy in Switzerland on April 11, 2024.  But it has not yet informed Plaintiffs that service has been effected via diplomatic channels under 28 U.S.C. § 1608(a)(4).  Based on counsel's experience, it takes a minimum of four-to-six months for the Department of State to transmit to the Clerk of Court the required certified copy of the diplomatic note indicating that service has been made.  Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, service is accomplished as of the date of that transmittal.  *See id.* § 1608(c)(1).  Service thus remains pending at this time.  Plaintiffs' counsel's best estimate is that service will be completed by mid-August 2024, though the exact date turns on events out of Plaintiffs' control.

5.      Once service is made, Iran has sixty days to appear and serve an answer or other responsive pleading.  *See id.* § 1608(d).  Plaintiffs do not anticipate that Iran will enter an appearance.  If it does not, Plaintiffs will move for the Clerk of Court to place Iran in default as soon as the 60-day post-service period elapses.  *Id.*

6.      After the Clerk of Court places Iran in default, Plaintiffs anticipate filing a motion for default judgment, asking the Court to take notice of the factual findings made by Judge Bates in *Cabrera v. Islamic Republic of Iran*, D.D.C. No. 19-cv-3835 (JDB).[1]  Plaintiffs here are

---

[1] Judge Bates coordinated litigation in *Cabrera* with the Afghanistan-based claims in *Zambon v. Islamic Republic of Iran*, D.D.C.  No. 18-cv-2065 (JDB) on May 28, 2021.  *See Cabrera* Dkt. 43.  Prior to that, *Zambon* was consolidated with *Blunt v. Islamic Republic of Iran*, D.D.C. No. 19-cv-1696 (EGS).  *See Zambon* Minute Order (Dec. 23, 2020).  The relevant opinions were thus also entered in *Zambon*.  And some of the attacks for which Judge Bates has already made factual findings, discussed below, were originally brought in *Zambon* or *Blunt*.

American servicemembers and civilians, and their family members, who were killed, wounded, or kidnapped while serving in Afghanistan between approximately 2006 and 2022. *See* Compl., Dkt. 1, ¶ 1. These men and women were attacked by a terrorist Syndicate that Iran trained, financed, and supported. *See id.* ¶¶ 2-5. Judge Bates has already adjudicated substantially identical claims brought by similar plaintiffs, finding after a multi-day evidentiary hearing that Iran's material support proximately caused the Syndicate's terrorist attacks against Americans in Afghanistan. *See generally Cabrera v. Islamic Republic of Iran*, 2022 WL 2817730 (D.D.C. July 19, 2022). Judge Bates also has resolved (or will resolve) Iran's liability for several of the specific attacks that are at issue in this case. *Compare, e.g.*, *id.* at *20 (holding Iran liable for the Taliban's August 6, 2011 attack on a helicopter in the Tangi Valley, Wardak Province, that killed, among others, SO1 SEAL Darrick C. Benson) and *Cabrera v. Islamic Republic of Iran*, 2023 WL 3496303, at *12 (D.D.C. May 16, 2023) (awarding solatium damages to SO1 Benson's father) *with* Compl. ¶¶ 667-72 & n.158 (asserting claims for solatium damages by SO1 Benson's minor son and sister).

7.  This Court should take notice of the factual findings made by Judge Bates in *Cabrera*. "As 'the FSIA does not require this Court to relitigate issues that have already been settled in previous decisions,' the court can 'review evidence considered in an opinion that is judicially noticed, without necessitating the re-presentment of such evidence.'" *Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 480 (D.D.C. 2021) (Mehta, J.) (quoting *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010) (Lamberth, J.)). This Court can thus rely on the evidence considered in *Cabrera* to "reach its own, independent findings of fact" and conclusions of law. *Id.* (quoting *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 172 (D.D.C. 2010) (Lamberth, J.)) (alterations omitted). Many courts in this District have thus taken

judicial notice of evidence and decisions made in prior FSIA default-judgment cases.[2]  Indeed, another court has already taken judicial notice of the evidence presented in *Cabrera*.  *See Roth v. Islamic Republic of Iran*, 651 F. Supp. 3d 65, 73 (D.D.C. 2023) (McFadden, J.).

8. Plaintiffs will also present new evidence pertaining to individual attacks not included in *Cabrera*, as well as evidence relating to each Plaintiff's damages.  Plaintiffs anticipate submitting that evidence in at least two tranches.  Tranche I would include evidence for Plaintiffs who bring claims concerning attacks that have been adjudicated in *Cabrera*.  That Tranche I evidence would relate to the damages suffered by Plaintiffs in connection with those attacks, and Plaintiffs would make that submission in conjunction with their request that the Court take judicial notice of attack-specific findings adjudicated in *Cabrera*.  Tranche II and any subsequent tranches would include evidence for all remaining individual attacks and each Plaintiff's related damages.

9. Courts in this District regularly refer such evidence about individual attacks and damages to Special Masters to make recommendations in the first instance.  *See, e.g.*, Order at 1-2, *Estate of Fishbeck v. Islamic Republic of Iran*, D.D.C. No. 18-cv-2248 (CRC), Dkt. 145 (appointing "Special Masters for the purpose of assisting th[e] Court with the determination of liability for claims related to the non-bellwether attacks in th[e] case," as well as "for the purpose

---

[2] *See, e.g.*, *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 32 (D.D.C. 2020) (Contreras, J.); *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1, 10-11 (D.D.C. 2018) (Howell, J.); *Foley v. Syrian Arab Republic*, 249 F. Supp. 3d 186, 191 (D.D.C. 2017) (Kollar-Kotelly, J.); *Opati v. Republic of Sudan*, 60 F. Supp. 3d 68, 73 (D.D.C. 2014) (Bates, J.); *Mueller v. Syrian Arab Republic*, 656 F. Supp. 3d 58, 64-65 (D.D.C. 2023) (Nichols, J.); *Doe v. Democratic People's Republic of Korea Ministry of Foreign Affairs Jungsong-Dong*, 414 F. Supp. 3d 109, 117-18 (D.D.C. 2019) (Friedrich, J.); *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 6-7 (D.D.C. 2011) (Lamberth, J.).

of assisting th[e] Court with the determination of damages for the non-bellwether attacks in th[e] case"). Plaintiffs anticipate proposing a similar procedure here.

10. Plaintiffs propose submitting a motion for entry of a case management order within 21 days of the Clerk of Court placing Defendant in default. This motion would propose deadlines for briefing and evidentiary submissions. Particularly given the overlap with the court's findings in *Cabrera*, Plaintiffs anticipate that this litigation can progress solely on the papers. *See, e.g.*, *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 43 (D.D.C. 2008) ("The Court is not required to hold an evidentiary hearing.").

11. In the meantime, Plaintiffs believe it would be most efficient if they begin third-party discovery now, seeking U.S. government documents relating to individual attacks in this litigation. Consistent with *Cabrera*, *see* Order Granting Motion for Leave to Conduct Third-Party Discovery, Dkt. 24, Plaintiffs believe that the U.S. government—principally, the Department of Defense—likely possesses virtually all the documents needed to establish that Plaintiffs' injuries were caused by the Iran-backed Syndicate. Plaintiffs seek leave to conduct such third-party discovery now because, under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Because Iran is unlikely to appear in this case, a Rule 26(f) conference is unlikely to occur. Plaintiffs can submit a motion and proposed order relating to this request by May 24, 2024. Allowing that discovery to begin before Iran formally defaults will allow Plaintiffs to start building their evidentiary submissions now, allowing them to efficiently move towards their forthcoming motion for default judgment.

12. Plaintiffs are available for a status conference or to answer any questions the Court might have.

Dated:  May 3, 2024

                                                    Respectfully submitted,

/s/ *Grace W. Knofczynski*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Chase H. Robinett (D.C. Bar No. 90008072)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com
crobinett@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

Andrew R. Dunlap (*pro hac vice*)
Will Rathgeber (*pro hac vice*)
Esther D. Ness (*pro hac vice*)
Selendy Gay PLLC
1290 Avenue of the Americas
New York, N.Y. 10104
Tel:  (212) 390-9363
adunlap@selendygay.com
wrathgeber@selendygay.com
eness@selendygay.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Grace W. Knofczynski*
Grace W. Knofczynski
