UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMANDA ADAMKAVICIUS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 23-3571 (ABJ) |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Upon consideration of plaintiffs' motion for default judgment [Dkt. # 34] and for the reasons set forth in the accompanying memorandum opinion, it is hereby

**ORDERED** that plaintiffs' motion will be **GRANTED**. It is further

**ORDERED** that the following plaintiffs will be awarded damages in the amounts detailed below:

| Plaintiff | Solatium Damages | Solatium Damages with Pre-Judgment Interest | Punitive Damages | Total |
|---|---|---|---|---|
| D.C. | $6,250,000 | $10,212,937.46 | $10,212,937.46 | $20,425,874.92 |
| M.C. | $6,250,000 | $10,212,937.46 | $10,212,937.46 | $20,425,874.92 |
| Connor Larson | $6,250,000 | $9,488,078.95 | $9,488,078.95 | $18,976,157.90 |
| Samantha Ulrich | $5,000,000 | $7,590,463.16 | $7,590,463.16 | $15,180,926.32 |
| Sandra Lee Hackenberg | $5,000,000 | $8,067,804.66 | $8,067,804.66 | $16,135,609.32 |
| Nancy Ann Morgado | $5,000,000 | $8,421,719.56 | $8,421,719.56 | $16,843,439.12 |

| | | | | |
|---|---|---|---|---|
| Letha Dodge | $5,000,000 | $7,590,463.16 | $7,590,463.16 | $15,180,926.32 |
| Ronnie Dodge | $5,000,000 | $7,590,463.16 | $7,590,463.16 | $15,180,926.32 |
| Hollie Towle | $2,500,000 | $3,795,231.58 | $3,795,231.58 | $7,590,463.16 |
| Tammy Bowden | $2,500,000 | $3,795,231.58 | $3,795,231.58 | $7,590,463.16 |
| Jennifer Mabus | $2,500,000 | $4,033,902.33 | $4,033,902.33 | $8,067,804.66 |
| Monica Smith | $2,500,000 | $4,415,885.09 | $4,415,885.09 | $8,831,770.18 |
| Deborah Trimble | $1,250,000 | $2,151,723.10 | $2,151,723.10 | $4,303,446.20 |
| Anthony Trimble | $1,250,000 | $2,151,723.10 | $2,151,723.10 | $4,303,446.20 |

It is further

**ORDERED** that final judgment on liability is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these plaintiffs associated with the 6 relevant attacks addressed in the accompanying memorandum opinion. The Court concludes that there is no just reason for delay in entering a final judgment pursuant to Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like," *Sheikh v. Republic of Sudan*, 485 F. Supp. 3d 255, 274 (D.D.C. 2020), and plaintiffs will be eligible to recover from the U.S. Victims of State Sponsored Terrorism Fund only with "a final judgment," 34 U.S.C. § 20144(c)(2); *see* Frequently Asked Questions*,* U.S. Victims of State Sponsored Terrorism Fund, http://www.usvsst.com/faq.php (last accessed July 30, 2025). And it is further

**ORDERED**, pursuant to the case management order issued by the Court on October 7, 2024 [Dkt. # 31], that plaintiffs must file by August 29, 2025 a proposed administrative plan governing the appointment of a Special Master or Special Masters and propose Special Masters to

prepare Reports and Recommendations on standing and damages for the remaining plaintiffs seeking to recover for injuries arising from 27 attacks identified in the memorandum opinion.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: July 30, 2025